IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY S. McGILL, | ) |
| Petitioner, | ) )  ) |
| v. | ) ) No. 1:14-cv-00047 |
| STATE OF TENNESSEE, | ) ) Chief Judge Haynes |
| Respondent. | ) ) ) |

**ORDER**

Petitioner, Timothy S. McGill, a state prisoner, filed his *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner paid the $5.00 filing fee. Under Rule 4, Rules Governing § 2254 Cases, the Court must conduct preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be summarily dismissed. Rule 4.

Petitioner filed an earlier action in this District in January 2014, that the Court dismissed for Petitioner's failure to prosecute and to comply with the Court's Order directing him to supplement his petition to provide the information required by Rule 2 of the Rules Governing § 2254 Cases. *McGill v. Tennessee*, Case No. 1:14-cv-00004 (M.D. Tenn. March 7, 2014) (Order of dismissal).

According to his pending petition, the state court sentenced Petitioner on April 8, 2014, a week after this petition was filed. In his petition, Petitioner cited an appeal on "effective counsel, and attached to this petition is a memorandum filed in state court challenging his conviction on various grounds.

For habeas relief, a state prisoner must exhaust his available remedies in the state courts, 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999), to afford the state courts a "fair opportunity" to consider petitioner's constitutional claim. Id. at 844–45, 848. For exhaustion, the habeas petitioner must have fairly presented his federal claims to the state courts system. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can raise the exhaustion issue *sua sponte*, if the petition reveals that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Petitioner bears the burden of showing exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, when this petition was filed, Petitioner had not been sentenced and therefore his conviction was not final. The petition reveals Petitioner's pursuit of a direct appeal of his conviction. From the Court's review, Petitioner has not yet exhausted his state remedies.

Accordingly, the petition (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to exhaust state-court remedies.

It is so **ORDERED**.

ENTERED this the 16th day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court